IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS J. ELLIS, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:21-CV-01225-X-BH |
| | § | |
| WELLS FARGO BANK, N.A., WELLS | § | |
| FARGO HOME MORTGAGE, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is the *Plaintiff's Motion for ... Remand*, filed June 18, 2021 (doc. 8).  Based on the relevant filings and applicable law, the motion to remand should be **DENIED**.

## I.    BACKGROUND

This case involves foreclosure of real property located at 3225 Turtle Creek Blvd, Unit #1208, Dallas, Texas 75219 (the Property). (*See* docs. 1-4 at 1, 1-13 at 2.)[2]

On August 5, 2019, Plaintiff filed this *pro se* action against Wells Fargo Bank N.A. (Defendant) and Wells Fargo Home Mortgage, Inc.,[3] in the 336th District Court of Fannin County, Texas. (*See* doc. 1-4.) He claimed that the defendants had repeatedly and improperly denied at least eight different loan modifications, committed multiple errors resulting in "discrepancies" in his account, attempted foreclosure several times but was stopped, and ultimately foreclosed on the

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Defendant contends that Well Fargo Home Mortgage is a division of Defendant. (doc. 1 at 1 n. 3.)

Property despite being informed that he had not received proper notice. (*See id*.) He sought actual damages, reversal of the foreclosure, title and possession of the Property, and attorney's fees. (*See id*. at 6.)  At the time Plaintiff filed suit, he sent the defendants a copy of the original petition by First Class mail, and it appears that he paid a service fee, but they were never served. (*See* doc. 1-10 at 3; doc. 11 at 4).

Because proof of service had not been filed, on January 20, 2021, the state court sent Plaintiff and Defendant a notice of its intent to dismiss the case for failure to prosecute. (*See* doc. 1-11.)  On February 25, 2021, Plaintiff moved to transfer the action to Dallas County, Texas, alleging he had inadvertently filed the complaint in the wrong county and was unable to correct his filing error. (*See* doc. 1-12.)  The Fannin County court found Plaintiff had "attempted to correct the … filing error in good faith" and noted that he received no notice of the deficiency until February 2021, and it transferred the case to the District Court of Dallas County on April 8, 2021. (*See* docs. 1-7; 1-8 at 2.)  On April 29, 2021, the Dallas County court sent Plaintiff a warning that the case could be dismissed for lack of service. (*See* doc. 1-14.)

On May 27, 2021, Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441(a), 1446, alleging that removal was timely because it had not been served with process, and Plaintiff had acted in bad faith in order to prevent removal. (*See* doc. 1 at 2.) On June 18, 2021, Plaintiff moved to remand this case, alleging lack of diversity and untimely removal. (doc. 8 at 2-3.) Defendant filed a response, and Plaintiff filed a reply. (*See* docs. 11, 12.)

## II.    MOTION TO REMAND

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). Any civil action brought in state

court may be removed to federal court if the district court has original jurisdiction over that action. *Id*. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. *Id*. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id*. § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship. *Id*. § 1332(a).

"Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id*. "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, No. EP-10-CV-338-PRM, 2011 WL 3678584, at *2 (W.D. Tex. Mar. 31, 2011) (citing *Burks*, 8 F.3d at 303). If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted). "The purpose of this careful survey, however,

is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Id.* at 808.

## A. <u>Diversity of Citizenship</u>

Plaintiff first contends that the parties are not diverse. (*See* doc. 8 at 3.)

An action removable based on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A case that is removed under § 1332 must have "complete diversity" of citizenship. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332(a). This means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). The party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of all the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Individuals are citizens of the states in which they are domiciled. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Here, it is undisputed that Plaintiff is domiciled in Texas, and is therefore a citizen of Texas. (*See* doc. 11 at 1-4; doc. 12.)  Defendant asserts that it is a citizen of South Dakota because its main office is located in South Dakota. (doc. 1 at 6.) For diversity jurisdiction purposes, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Defendant's articles of association designate Sioux Falls, South Dakota, as the location of its main offices. *See Wells Fargo Bank, N.A. v. Anderson*, No. 3:11-CV-024-K, 2011 WL 1135121, at *3 (N.D. Tex. March 28, 2011); *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, Civil No. 08-5472 (JNE/FLN), 2008 WL 5429134, at *1 (D. Minn. Dec. 29, 2008). Because Wells Fargo Home Mortgage is a

4

division of Defendant, and Defendant's main office is located in South Dakota, it has shown that it is a citizen of South Dakota.

Defendant has met its burden to show that the parties are completely diverse. *See Getty Oil Corp.*, 841 F.2d at 1259.  Plaintiff's reply concedes that "the Law allows for Diversity in this case." (*See* doc. 12 at 1.)  Remand on this basis is not warranted.

## B.  Untimeliness

Plaintiff also moves to remand because Defendant did not remove this action within thirty days of its receipt of the original petition, or within a year after the original petition was filed on August 5, 2019. (*See* docs. 8 at 2-3; 12 at 2.)  Defendant responds that removal is timely because it was not served with process, and because Plaintiff acted in bad faith to prevent removal by not pursuing service of process, not taking action in two different state courts until threatened with dismissal, and only then taking "minimal activity to keep the suit alive" by filing a motion to retain and transfer. (*See* doc. 11 at 5-7.)

Section 1446(b) provides, in relevant part:

> *The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added). For cases based solely on diversity of citizenship jurisdiction under § 1332, "a case may not be removed under subsection (b)(3) ... more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

The United States Supreme Court has interpreted § 1446(b) as requiring formal service of process upon a defendant before the thirty-day period begins to run. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999). The term "service of process" is defined by state law. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Rule 103 of the Texas Rules of Civil Procedure provides that process may be served by a sheriff or constable, any person authorized by law or by written order of the court who is not less than 18 years old, or any person certified under order of the Supreme Court, but "no person who is a party to or interested in the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103. Under Texas Rule 106(a)(2), a person *authorized by Rule 103* may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2) (emphasis added).

Here, because Plaintiff did not use certified mail, and state law does not permit service by a party, he did not formally serve Defendant. Absent service, the thirty-day removal period in § 1446(b) had not begun to run at the time Defendant removed this case, so the removal was not untimely. *See Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 304 (5th Cir. 2014); *see also Shaffer v. Green Earth Techs., Inc.*, No. SA-CV-00451-XR, 2017 WL 2628883, at *2 (W.D. Tex. June 19, 2017) (finding that because the plaintiff never formally served the defendant with process, "[t]his failure prevents the 30-day time limit from running against Defendant, and for this reason, removal is timely in this regard").

Plaintiff appears to argue that Defendant "otherwise" received a copy of the original petition because he sent it a copy and his "explanation" to both state courts is "on record." (*See* doc. 8 at 2-3, 12 at 2.)  The Supreme Court expressly rejected this argument in *Murphy Bros.*,

holding "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." 526 U.S. at 347-48 (emphasis added). It expressly clarified that the thirty-day removal period in § 1446(b) "commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005); *see also Perez v. ZTE (USA), Inc.*, No. 3:18-CV-2948-B, 2019 WL 1429654, at *2 (N.D. Tex. Mar. 29, 2019) (citing *Murphy Bros.* as holding that the minimum thirty-day period for a defendant to file a notice of removal does not begin to run upon the mere receipt of an initial pleading, absent formal service). Accordingly, even receipt of "actual notice" through Plaintiff's mailing, or from the state court orders, was not enough to trigger Defendant's thirty-day deadline for removal.[4]

In conclusion, Defendant has met its burden to show that federal jurisdiction exists and that removal was timely under § 1446(b).

### III. RECOMMENDATION

Plaintiff's motion to remand should be **DENIED**.

**SO RECOMMENDED** on this 8th day of October, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Because removal was timely under § 1446(b), it is not necessary to consider Defendant's alternative argument that removal was timely under § 1446(c) because Plaintiff acted in bad faith.

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8